T.C. Memo. 2010-233

UNITED STATES TAX COURT

TIMOTHY S. SCHULTZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19224-07.            Filed October 25, 2010.

<u>Donald Wills Wallis</u>, for petitioner.

<u>Anne M. Craig</u>, for respondent.


MEMORANDUM OPINION

NIMS, <u>Judge</u>:  Petitioner seeks review of respondent's
determination that he is not entitled to relief from joint and
several liability under section 6015 for his 1997, 1998, 1999,
2003, and 2004 income tax liabilities.  Unless otherwise

indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On brief petitioner abandoned his argument that respondent erred in denying him relief under the provisions of section 6015(b) and (c). The sole issue remaining for decision is whether petitioner is entitled to relief under section 6015(f).

## Background

This case was submitted fully stipulated pursuant to Rule 122. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference. Petitioner resided in Florida at the time his petition was filed, and he was married to Susan Belle Schultz (Susan or former spouse) in 1987. During the years in issue petitioner worked in the construction industry. Susan worked as a cardiology technician in 1997 and as a medical transcriber during 2003 and 2004.

Throughout their marriage Susan controlled family finances and forced petitioner to give her his paychecks, denied him access to their bank account, and was responsible for paying their expenses. Susan kept their mail from petitioner and allowed him to see their Federal tax returns (which were prepared by her mother) only when she presented them to him for his signature.

Because of Susan's dominance over petitioner, he was largely unaware of their financial situation.  He did not know that Susan had not timely filed their joint returns for 1997, 1998, 1999, and 2003; she filed the returns for those years (and for 2004) during the first 2 months of 2005.[1]  Until an Internal Revenue Service agent visited their home in the spring of 2005, petitioner was also unaware that Susan had not fully paid their tax liabilities.  Whenever petitioner attempted to find out more about the couple's financial situation, Susan would verbally or physically attack him.

Susan often abused petitioner during the course of their marriage, and he was injured on several occasions necessitating notifying the police.  One altercation resulted in Susan's arrest.  Susan moved out of the family home during September 2005, and petitioner subsequently obtained a personal protection order against her.  Susan was served with divorce papers on October 19, 2005.

On July 19, 2006, petitioner filed a Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), seeking relief under section 6015(b), (c), and (f) from

_____

[1]The 2003 return was not signed by either spouse.

joint and several liability for his 1997, 1998, 1999, 2003, and 2004 tax years.[2]  At that time petitioner's divorce from Susan had not been finalized.

On May 29, 2007, respondent issued a notice of determination denying petitioner relief under section 6015.  On August 27, 2007, petitioner petitioned this Court seeking review of respondent's determination to deny him relief.

## Discussion

In general, a spouse who files a joint Federal income tax return is jointly and severally liable for the entire income tax liability.  Sec. 6013(d)(3); sec. 1.6013-4(b), Income Tax Regs.

A spouse may be relieved from joint and several liability under section 6015(f) if, taking into account all the facts and circumstances, it would be inequitable to hold him liable for any unpaid tax or deficiency.  The Commissioner has published revenue procedures listing the factors normally considered in determining whether section 6015(f) relief should be granted.  See Rev. Proc. 2003-61, 2003-2 C.B. 296, superseding Rev. Proc. 2000-15, 2000-1 C.B. 447.

This Court has jurisdiction to conduct a de novo review of the Commissioner's denial of section 6015(f) relief.  See sec. 6015(e); Porter v. Commissioner, 132 T.C. 203 (2009).

---

[2]The liabilities in question (apart from that for 2003, a year for which no valid return was filed) are not deficiencies in tax but amounts reported on the returns and unpaid.

A.   Threshold Conditions for Granting Relief

To be eligible for section 6015(f) relief, the requesting spouse must satisfy the following threshold conditions:  (i) He filed a joint return for the taxable year for which he seeks relief; (ii) relief is not available to him under section 6015(b) or (c); (iii) no assets were transferred between the spouses as part of a fraudulent scheme by the spouses; (iv) the nonrequesting spouse did not transfer disqualified assets to him; (v) he did not file or fail to file the returns with fraudulent intent; and (vi) absent enumerated exceptions, the income tax liability from which he seeks relief is attributable to an item of the nonrequesting spouse.  Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297-298.

Petitioner is ineligible for relief from the 2003 tax liability because he did not file a valid joint return for that year.  See Raymond v. Commissioner, 119 T.C. 191, 195-197 (2002). For 2003 the return submitted to respondent was not signed by him or his former spouse.  See Olpin v. Commissioner, 270 F.3d 1297, 1300 (10th Cir. 2001), affg. T.C. Memo. 1999-426.

Likewise, unless an exception applies, petitioner is ineligible for relief from most of his 1997, 1998, 1999, and 2004 tax liabilities because he earned most of the couple's income

reported for those years. The record reveals that petitioner's former spouse was responsible for $31,529.90 of the couple's $207,684 of income reported for those years.

Petitioner contends that he is eligible for relief from all the tax liabilities for those years because he satisfies two of the enumerated exceptions to the threshold condition pertaining to attribution. First, he claims that Susan misappropriated funds intended for payment of their tax liabilities. See Rev. Proc. 2003-61, sec. 4.01(7)(c), 2003-2 C.B. at 297. Petitioner contends that Susan used the money to pay off her individual debts. Considering the fact that he has not identified when, in what amount, or from what source any funds were earmarked for payment of tax and that Susan denied him access to their financial statements and mail, we find his claim to be nothing more than speculation.

Second, petitioner claims that he signed the returns with "no questions asked" because of the abuse he suffered from Susan. If the requesting spouse establishes that he was the victim of abuse before the return was signed and that he consequently did not challenge the treatment of any items on the return for fear of retaliation, the Internal Revenue Service will consider granting equitable relief even though the underpayment is attributable to an item of the requesting spouse. Rev. Proc. 2003-61, sec. 4.01(7)(d), 2003-2 C.B. at 298. While petitioner

did suffer verbal and physical abuse at the hands of his former spouse, he does not claim that he would have challenged the treatment of any items on the returns. In fact, petitioner has no grounds to challenge the treatment of the income attributed to him because the Forms W-2, Wage and Tax Statement, attached to the returns show that he earned the income from his construction industry employment.

Accordingly, we find that petitioner has met the threshold criteria for relief only as to the taxes attributable to the following amounts of income: $7,423.40 in 1997, $717.50 in 1998, $1,466 in 1999, and $21,923 in 2004.

B. <u>Circumstances Under Which Relief Is Ordinarily Granted</u>

Where the threshold conditions have been met, the Commissioner will ordinarily grant relief from an underpayment of tax if the requesting spouse meets the requirements set forth under Rev. Proc. 2003-61, sec. 4.02, 2003-2 C.B. at 298. To qualify for relief under Rev. Proc. 2003-61, sec. 4.02, the requesting spouse must as of the date of the request for relief: (1) No longer be married to, be legally separated from, or not have been a member of the same household as the nonrequesting spouse at any time during the 12-month period ending on the date of the request for relief; (2) have had no knowledge or reason to

know when he signed the return that the nonrequesting spouse would not pay the tax liability; and (3) suffer economic hardship if relief is not granted.

When petitioner filed his request for relief on July 19, 2006, he was still married to and was not legally separated from his former spouse. The couple had also been members of the same household in the preceding 12 months because petitioner did not move out of the marital residence until September 2005.

A requesting spouse suffers economic hardship if paying the tax liabilities would prevent him from paying reasonable basic living expenses. Sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs.; Rev. Proc. 2003-61, sec. 4.02(1)(c), 4.03(2)(a)(ii), 2003-2 C.B. at 298. Petitioner has not provided any information as to his monthly income or expenses. Petitioner has thus failed to establish that denial of section 6015(f) relief would cause him economic hardship.

Accordingly, petitioner is generally not entitled to relief under criteria set forth in Rev. Proc. 2003-61, sec. 4.02.

C. Rev. Proc. 2003-61, Sec. 4.03 Factors

Where a requesting spouse fails to qualify for relief under Rev. Proc. 2003-61, sec. 4.02, a determination to grant relief may nevertheless be made under the criteria set forth in Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298-299. Rev. Proc. 2003-61, sec. 4.03, provides a nonexclusive list of factors the

IRS will consider in making that determination: (1) Marital status; (2) economic hardship; (3) knowledge or reason to know; (4) nonrequesting spouse's legal obligation; (5) significant benefit; (6) good-faith effort to comply with tax laws; (7) spousal abuse; and (8) mental or physical health. No single factor is determinative, and all factors are to be considered and weighed appropriately. See Haigh v. Commissioner, T.C. Memo. 2009-140.

### 1. Marital Status

Under Rev. Proc. 2003-61, sec. 4.03(2)(a)(i), 2003-2 C.B. at 298, consideration is given to whether the requesting spouse is divorced or separated (whether legally separated or living apart) from the nonrequesting spouse.

The marital status factor favors relief because petitioner and his former spouse began living apart approximately 10 months before petitioner filed his request for relief.

### 2. Economic Hardship

As previously discussed, petitioner has not demonstrated that he would suffer economic hardship if denied relief. This factor therefore weighs against relief.

### 3. Knowledge or Reason To Know

When petitioner signed the returns, he did not know and had no reason to know that his former spouse would not pay their

income tax liabilities because he did not discover the nonpayment of the liabilities until the spring of 2005. This factor thus favors relief.

### 4. Nonrequesting Spouse's Legal Obligation

This factor is neutral because there is no evidence in the record that petitioner's former spouse had a legal obligation to pay their outstanding income tax liabilities pursuant to a divorce decree or an agreement. See Rev. Proc. 2003-61, sec. 4.03(2)(a)(iv), 2003-2 C.B. at 298.

### 5. Significant Benefit

This factor favors relief because there is no evidence that petitioner derived any benefit beyond normal support from the nonpayment of the income tax liabilities. See Magee v. Commissioner, T.C. Memo. 2005-263; Rev. Proc. 2003-61, sec. 4.03(2)(a)(v), 2003-2 C.B. at 299.

### 6. Good-Faith Effort To Comply With Income Tax Laws

Petitioner has not made a good-faith effort to comply with income tax laws following his 1997, 1998, 1999, and 2004 taxable years in that he did not file a valid return for 2005. See Rev. Proc. 2003-61, sec. 4.03(2)(a)(vi), 2003-2 C.B. at 299.

Petitioner claims that he was not required to file a return for 2005 because "he has earned no income of any type since the years at issue" on account of the injuries caused by his former

spouse's abuse.  We do not find petitioner's claim credible because the record reflects that petitioner was employed by the Hamilton Hotel in 2005.

This factor thus weighs against relief.

### 7.  Spousal Abuse

Petitioner was verbally and physically abused by his former spouse throughout their marriage.  This factor favors relief.

### 8.  Mental or Physical Health

Under Rev. Proc. 2003-61, sec. 4.03(2)(b)(ii), 2003-2 C.B. at 299, consideration is given to whether the requesting spouse was in poor mental or physical health on the date he signed the return or at the time relief was requested.

Petitioner claims that he is permanently disabled (mentally and physically) as a result of the physical abuse by his former spouse.  While petitioner did suffer some physical injury, the record does not confirm petitioner's claim that the injury is permanent.  Moreover, petitioner has not explained how the injury impaired his ability to meet his Federal tax obligations.  This factor is therefore neutral.  See Fox v. Commissioner, T.C. Memo. 2006-22 (mental or physical health factor was neutral where the Court already found the abuse factor favored relief and where the requesting spouse failed to elaborate on her claim that she suffered from mental abuse).

D.  Conclusion

Of the factors listed in Rev. Proc. 2003-61, sec. 4.03, four favor relief (marital status, lack of knowledge or reason to know, lack of significant benefit, and spousal abuse), two weigh against relief (lack of economic hardship and lack of good-faith effort to comply with tax laws), and two are neutral (nonrequesting spouse's legal obligation and mental or physical health).  After considering and weighing all the factors, we find it would be inequitable to hold petitioner liable for the portions of his 1997, 1998, 1999, and 2004 tax liabilities which were attributable to income earned by his former spouse.

To reflect the foregoing,

Decision will be entered under Rule 155.