T.C. Summary Opinion 2009-56

UNITED STATES TAX COURT

LISA A. VIRGILIO, Petitioner,
AND FRANK A. VIRGILIO, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4323-08S.          Filed April 28, 2009.

Lisa A. Virgilio, pro se.

<u>John M. Janusz</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $1,136 deficiency in petitioner and intervenor's 2005 Federal income tax. Neither petitioner nor intervenor disagrees with the liabilities set forth in the notice of deficiency. The only issue for decision is whether petitioner is entitled to full or partial relief from joint and several liability with respect to the portion of the understatement of tax attributable to intervenor.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in New York. At the time the notice of intervention was filed, intervenor resided in Florida. Intervenor has since returned to and currently resides in the State of New York.

Petitioner and intervenor were married in the State of New York in June 1987. Petitioner and intervenor lived at their marital residence until sometime in late December 2005. Petitioner and intervenor filed a joint Federal income tax return for tax year 2005. However, as of the end of May 2005 the couple had separated their finances so that intervenor could accumulate his earnings to move out and get his own apartment.

On January 26, 2007, petitioner and intervenor entered into a property settlement and separation agreement (agreement). Article V of the agreement, in pertinent part, states:

> The Husband and Wife warrant that all joint income tax returns heretofore filed are true and complete, to the best of their knowledge and belief, and that all liabilities thereon have been fully paid, and that there is no pending audit or examination of any returns.  In any event, the Husband or the Wife shall pay all liability thereafter assessed or imposed with respect to his or her portion of income on such income returns and will indemnify the other party against and hold the other party harmless for all such liabilities and expenses, losses and damages as may be incurred by such other party in connection with those returns.  All audits, examinations, suits or other proceedings in connection with those returns shall be handled at the cost and expense of the party who caused such liability and/or audit or by counsel or accounts [sic] selected by him or her.

Approximately 5 months later petitioner and intervenor divorced. The judgment of divorce (decree) dated June 28, 2007, incorporated, but did not merge, the agreement and stated that the agreement survived in all respects.

On December 3, 2007, respondent separately mailed a notice of deficiency (notice) to petitioner and intervenor for the taxable period ending December 31, 2005.  Petitioner and intervenor's joint 2005 Federal income tax return was incorrect because it failed to include in income $218 of unemployment compensation intervenor received (unemployment compensation) and $3,400 of miscellaneous income intervenor received from R&D

Construction (construction income).[2]  The unemployment compensation and the construction income were reported on Forms 1099, but the forms were not received until after the joint 2005 Federal income tax return had been filed.  At the time the joint 2005 Federal income tax return was filed, petitioner knew that intervenor had worked for R&D Construction "from approximately July 27th through the end of October and the beginning of November in '05", and that a Form 1099 would be received.  Petitioner did not, however, know that intervenor had received unemployment compensation during 2005.

Petitioner sent to respondent a Form 8857, Request for Innocent Spouse Relief, which respondent received on January 16, 2008.  In her request for relief petitioner asserts:  She has been divorced since June 28, 2007; she holds a college degree of "Legal Associate's Degree"; she was not a victim of spousal abuse or domestic violence during 2005; she signed the 2005 Federal income tax return; she did not have a mental or physical health problem then or now; her involvement in the preparation of the tax return was limited to giving the tax documents to the person who prepared the return; at the time she signed the return, she

---

[2] The joint 2005 Federal income tax return also failed to reflect a $153 early distribution penalty attributable to a retirement plan distribution petitioner received.  Petitioner acknowledged that the $153 was attributable to her, and she has since provided two payments ($80.03 and $100) to the Internal Revenue Service to address this omission from the joint 2005 Federal income tax return.

did not know anything was incorrect or missing; she knew that intervenor had income during 2005 but did not know any amount was owed to the Internal Revenue Service; she was having financial problems in 2005; her involvement with household finances was limited to the use of a joint bank account to which she made deposits, paid bills, balanced the checkbook, or reviewed the monthly bank statements; intervenor had never transferred assets to her; she was unaware of any unemployment benefits intervenor received in 2005; intervenor's Forms 1099 from R&D Construction and for unemployment compensation were received after she had already filed the joint 2005 Federal income tax return; and the agreement stated that intervenor would be responsible for any tax liability attributable to his income.

Before respondent determined whether to grant petitioner relief, petitioner timely filed a petition raising as an affirmative defense entitlement to innocent spouse relief with respect to the unemployment compensation and construction income. Respondent, pursuant to Rule 325 and King v. Commissioner, 115 T.C. 118 (2000), served notice of this proceeding on intervenor. Intervenor timely filed a notice of intervention on June 3, 2008. In the notice of intervention, intervenor asserts that petitioner should be held liable for not only the $153 early withdrawal penalty but also half of the tax owed on the unreported income he received. By exercising his right to intervene, intervenor

became a party to this case.  Sec. 6015(e)(4); <u>King v. Commissioner</u>, <u>supra</u>.  Intervenor, however, neither appeared nor participated in the trial of this case.

## Discussion

Petitioner raised her claim for innocent spouse relief in a petition for redetermination filed pursuant to section 6213(a). "In the context of a deficiency proceeding, a claim for innocent spouse relief historically has been an affirmative defense that must be set forth in the pleadings." <u>Butler v. Commissioner</u>, 114 T.C. 276, 287-288 (2000).  Our authority to review petitioner's affirmative defense that she is entitled to innocent spouse treatment is governed by our general jurisdiction to consider any issue that affects the deficiency before us.  <u>Id.</u> at 288.

Section 6013(d)(3) provides that taxpayers filing joint Federal income tax returns are jointly and severally liable for the taxes due.  Section 6015, however, provides that notwithstanding section 6013(d)(3), under certain facts and circumstances limited relief from joint and several liability may be available under section 6015(b), (c), or (f).  Except as otherwise provided in section 6015, the taxpayer seeking relief bears the burden of proof.  Rule 142(a); <u>Alt v. Commissioner</u>, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Section 6015(b)

To qualify for relief pursuant to section 6015(b)(1), the requesting spouse must establish that: (A) A joint return was filed; (B) there was an understatement of tax attributable to erroneous items of the nonrequesting spouse; (C) at the time of signing the return, the spouse seeking relief did not know, and had no reason to know, of the understatement; (D) taking into account all the facts and circumstances, it is inequitable to hold the spouse seeking relief liable for the deficiency in tax attributable to the understatement; and (E) the requesting spouse seeks relief within 2 years of the first collection activity.

There is no dispute that petitioner satisfies subparagraphs (A), (B), and (E) of section 6015(b)(1). Petitioner, however, does not satisfy subparagraph (C) with respect to the portion of the understatement of tax attributable to the construction income. Petitioner testified that she was aware that intervenor was working during 2005 and that he would receive a Form 1099. Consequently, we find that petitioner had actual knowledge of the item giving rise to the portion of the understatement of tax attributable to the construction income before she signed the joint 2005 Federal income tax return.

Notwithstanding the individual's knowledge or reason to know of some part of the understatement of tax, section 6015(b)(2) permits the individual to qualify for relief as to the remainder

of the understatement. <u>Cullen v. Commissioner</u>, T.C. Memo. 2004-176. Petitioner stated in both her petition and on Form 8857 that she did not know of the unemployment compensation. It has also been established that although petitioner and intervenor continued to live together in the marital residence until December 2005, they had segregated their finances as of the end of May 2005. Consequently, we find that pursuant to section 6015(b)(1)(C) petitioner has established that she did not know, and had no reason to know, of the portion of the understatement of tax attributable to the unemployment compensation.

We turn to subparagraph (D) to determine whether, taking into account all the facts and circumstances, it is inequitable to hold petitioner liable for that portion of the understatement of tax. Both petitioner and intervenor have stated that intervenor never transferred assets to petitioner. Furthermore, respondent conceded that petitioner did not receive a significant benefit from the item giving rise to the deficiency. Thus, taking into account all the facts and circumstances, we find it inequitable to hold petitioner liable for the portion of the understatement of tax attributable to the unemployment compensation. Accordingly, we find that petitioner is entitled to relief from joint and several liability pursuant to section 6015(b) for the portion of the understatement of tax attributable to the unemployment compensation.

Next, we must decide whether petitioner is entitled to relief under section 6015(c) or (f) for the portion of the deficiency attributable to the construction income.

Section 6015(c)

Section 6015(c) limits the liability of a taxpayer, such as petitioner, who is no longer married and who makes the appropriate election. If a taxpayer elects relief under section 6015(c), such taxpayer's "liability for any deficiency which is assessed with respect to the return shall not exceed the portion of such deficiency properly allocable to the individual" under section 6015(d). Sec. 6015(c)(1). Relief under section 6015(c) is not available to petitioner if respondent demonstrates that petitioner had actual knowledge of the item giving rise to the deficiency. Sec. 6015(c)(3)(C). As we have already found, petitioner had actual knowledge of the item giving rise to the portion of the understatement of tax attributable to the construction income. Accordingly, petitioner is not entitled to section 6015(c) relief for the portion of the understatement of tax attributable to the construction income.

Section 6015(f)

If a taxpayer does not qualify for relief from joint and several liability under section 6015(b) or (c), the taxpayer may seek equitable relief under section 6015(f). Section 6015(f) confers on the Secretary discretion to grant equitable relief to

taxpayers where "it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)".

As directed by section 6015(f), the Secretary's delegate, the Commissioner, has prescribed guidelines in Rev. Proc. 2003-61, 2003-2 C.B. 296, for determining whether equitable relief should be granted. Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297-298, lists seven threshold conditions that must be met for a request for relief under section 6015(f) to be considered. The seven threshold requirements are: (1) The requesting spouse filed a joint return for the taxable year for which he or she seeks relief; (2) relief is not available to the requesting spouse under section 6015(b) or (c); (3) the requesting spouse applies for relief no later than 2 years after the date of the Service's first collection activity after July 22, 1998, with respect to the requesting spouse; (4) no assets were transferred between the spouses as part of a fraudulent scheme by the spouses; (5) the nonrequesting spouse did not transfer disqualified assets to the requesting spouse; (6) the requesting spouse did not file or fail to file the return with fraudulent intent; and (7) absent enumerated exceptions, the income tax liability from which the requesting spouse seeks relief is attributable to an item of the individual with whom the requesting spouse filed the joint return. Petitioner has satisfied all seven of the threshold conditions. We must

therefore determine whether petitioner is entitled to equitable relief.

Rev. Proc. 2003-61, sec. 4.03(2), 2003-2 C.B. at 298-299, lists eight nonexclusive factors that the Commissioner will consider in determining whether, taking into account all the facts and circumstances, it is inequitable to hold the requesting spouse liable for all or part of the deficiency and whether full or partial equitable relief under section 6015(f) should be granted. The eight nonexclusive factors and their application to petitioner's facts and circumstances are summarized below.

1. Petitioner's Marital Status

At the time she requested relief from joint and several liability, petitioner was divorced from intervenor. This factor weighs in favor of granting relief.

2. Economic Hardship

Petitioner has conceded that she would not suffer economic hardship if relief is not granted. This factor weighs against granting relief.

3. Knowledge or Reason To Know

As we have already found, petitioner had actual knowledge of the item giving rise to the deficiency. As a result, this factor weighs against granting relief.

4. Nonrequesting Spouse's Legal Obligation

Under this factor we consider whether the nonrequesting spouse has a legal obligation to pay the outstanding income tax liability pursuant to a divorce decree or agreement. The decree, having incorporated the agreement, makes petitioner and intervenor liable for the payment of any later imposed or assessed income tax liability attributable to her or his portion of income on the income tax return.

The remaining unreported income from which petitioner seeks relief (the construction income) is attributable to intervenor's work with R&D Construction. By the terms of petitioner and intervenor's decree and agreement, intervenor (the nonrequesting spouse) is obligated to pay the portion of the understatement of tax that is attributable to him; i.e., the unemployment compensation and the construction income. Accordingly, we find that this factor weighs in favor of granting relief.

5. Significant Benefit

Respondent has conceded that petitioner did not receive a significant benefit from the item giving rise to the deficiency. As a result, this factor weighs in favor of granting relief.

6. Good Faith Effort To Comply With Tax Laws

Respondent has also conceded that petitioner made a good faith effort to comply with the income tax laws in the taxable

years following the taxable year in issue, and this factor favors granting relief.  See <u>Harris v. Commissioner</u>, T.C. Memo. 2009-26.

7.  <u>Spousal Abuse</u>

Petitioner has not alleged that there was abuse in her former marriage.  Consequently, we find this factor is neutral.

8.  <u>Mental or Physical Health</u>

Petitioner concedes that she was not in poor mental or physical health on the date she signed the return or at the time that she requested relief.  Accordingly, we find this factor is neutral.

<u>Conclusion</u>

In sum, four factors weigh in favor of granting relief, two factors are neutral, and two factors weigh against granting relief.  Accordingly, we conclude that petitioner is entitled to equitable relief pursuant to section 6015(f) on that portion of the understatement of tax attributable to the construction income.

To reflect the foregoing,

<u>Decision will be entered</u><br><u>under Rule 155</u>.